IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PAMELA WOMACK d/b/a
PJW ENTERPRISES,

Plaintiff,

v.

BRADY MCCASLAND, INC.,

Defendant.                                              No. 15-cv-638-DRH-PMF

MEMORANDUM and ORDER

HERNDON, District Judge:

### I.   Introduction

Now before the Court is defendant Brady McCasland, Inc.'s (hereinafter "BMI") motion to dismiss plaintiff's first amended complaint (Doc. 21) pursuant to FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6). Plaintiff Pamela Womack, d/b/a PJW Enterprises, opposes the motion on grounds that the pleading requirements of 12(b)(6) are satisfied and defendant has adequate notice of plaintiff's claims (Doc. 32). For the reasons explained below, the Court **DENIES** defendant's motion to dismiss (Doc 21).

### II.   Background

On June 8, 2015, BMI removed this case from the Circuit Court of St. Clair County, Illinois asserting this Court's diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441 (Doc. 1). Upon removal, defendants filed a motion to dismiss

plaintiff's complaint for failure to state a claim (Doc. 7). Thereafter, plaintiff sought leave to file her first amended complaint (Doc. 9). The Court granted the request, and on July 16, 2015, Womack d/b/a/ PJW Enterprises, filed a three-count amended complaint (Doc. 13).

In the amended complaint, Womack alleges three causes of action arising under Illinois law: breach of contract (Count I); account stated (Count II) and unjust enrichment (Count III) (*Id.*). In Count I, Womack alleges that "defendant has breached the oral contract [ that was created between the parties] by not paying for the work performed as evidenced by the unpaid invoices dated July 28, 2014 through January 15, 2015" (Doc. 13 ¶8). The alleged debt totals $160,290.00. In Count II, Womack alleges that company invoices for services provided— currently attached to the amended complaint—were sent to BMI, at which time BMI failed to object to the charges. "By failing to object to the charges, defendant acquiesced to the charges and demand in the invoice, and to the balance in the invoice" (Doc. 13 ¶12). Finally, in Count III, Womack alleges unjust enrichment arguing that "if defendant were allowed to keep the benefit supplied to it by plaintiff's work, then defendant would be unjustly enriched to the severe detriment of the plaintiff" (Doc. 13 ¶12).

Following plaintiff's filing of its first amended complaint, BMI now moves to dismiss the three-count amended complaint pursuant to Rule 12(b)(6) (Doc. 21).

### III. Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)

challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *Gen. Hallinan v. Fraternal Order of Police Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). The Supreme Court explained in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), that in order to withstand Rule 12(b)(6) dismissal, a complaint "does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Despite *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) retooling federal pleading standards, notice pleading remains all that is required in a complaint. "A plaintiff still must provide only 'enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (citation omitted). In making this assessment, the district court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *See Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009); *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007). With this in mind, the Court turns to Womack's three-count complaint.

### IV. Analysis

#### a. Count I: Breach of Contract

First, BMI argues that Womack fails to allege all necessary elements of a breach of contract claim. To state a claim for breach of contract, under Illinois

law, a plaintiff must establish: (1) that there was "a valid and enforceable contract," (2) that there was "substantial performance by the plaintiff," (3) that the defendant breached the terms of the contract, and (4) that there was a "resultant injury to the plaintiff." *Avila v. CitiMortgage, Inc.*, 801 F.3d 777, 786 (7th Cir. 2015) (citing *W.W. Vincent & Co. v. First Colony Life Ins. Co.*, 351 Ill.App.3d 752, 286 Ill.Dec. 734, 814 N.E.2d 960, 967 (2004)). BMI contends that Womack's complaint falls short on the fourth element. Specifically, BMI argues that Womack fails to allege damage as a result of the alleged breach.

Womack counters arguing that "plaintiff not only alleges damages, plaintiff even states specifically the amount of damages claimed, $160,290.00." (Doc. 32). The Court notes that BMI ignores the express *ad damnum* in each of the three counts referencing the specified amount demanded in this action— "defendant has failed to pay plaintiff $160,290.00..." and "such refusal has been the proximate cause of damages to plaintiff" (Doc. 13). Womack also attached to the amended complaint an in-depth accounting, in the form of invoices, relevant to the damages award requested (Doc. 13, pg. 5-53).

Therefore, construing the facts in a light most favorable to Womack, the complaint sufficiently alleges damages, Count I survives the BMI's 12(b)(6) challenge.

### b. Count II: Account Stated

Next, BMI argues that Womack cannot state a claim for account stated under Illinois law. "An 'account stated' determines the amount of a preexisting debt

when parties who previously have conducted monetary transactions agree that there truly is an account representing the transactions between them." *Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1137 (7th Cir. 2009). Where a party fails to object to an account invoice within a reasonable time, an account stated is established. See *U.S. Neurosurgical, Inc. v. City of Chicago*, 572 F.3d 325, 333 (7th Cir. 2009); *Delta Consulting Grp., Inc.,* 554 F.3d 1133, 1137 (7th Cir. 2009). Whether an account stated exists ultimately is a question of fact. *Id*.

BMI contends that as a matter of law, Womack's invoices attached to the amended complaint do not establish the existence of an account stated. BMI argues that the receipt of the invoices is part of the initial transaction itself. (Doc. 23). Womack alleges in the amended complaint that an oral contract existed between the parties and was supported by prior transactions over a nine year period; that plaintiff agreed to perform work and defendant agreed to pay invoices that became due following plaintiff's work; that BMI agreed to pay the amount of the invoices, which was reinforced by the prior payment of invoices; that BMI failed to object to the invoices in question upon receipt of them; that BMI has failed or refused to pay the account stated on the remainder of the invoices; and that the balance of the unpaid invoices totals $160,290.00. Therefore, plaintiff's allegations, as to Count II, are sufficient to withstand BMI's 12(b)(6) challenge.

### c. Count III: Unjust Enrichment

Finally, BMI argues that Womack fails to plead its unjust enrichment claim in the alternative. To state a claim for unjust enrichment under Illinois law, a plaintiff must establish: "that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 516 (7th Cir. 2011)(quoting *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672, 679 (Ill. 1989)). BMI argues that Womack cannot claim a quasi-contract when there is a specific contract governing the relationship of the parties.

The Seventh Circuit holds that the standards of Rule 8 of the Federal Rules of Civil Procedure, rather than Illinois fact pleading requirements, should apply in federal court. *Windy City Metal Fabricators & Supply, Inc., v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 670 (7th Cir. 2008). The Seventh Circuit has acknowledged that "a party may plead claims in the alternative, i.e., [a party] may plead a claim for breach of contract as well as unjust enrichment." *Cohen v. Am. Sec. Ins. Co.,* 735 F.3d 601, 615 (7th Cir. 2013) (citing *Guinn v. Hoskins Chevrolet*, 361 Ill.App.3d 575, 296 Ill.Dec. 930, 836 N.E.2d 681, 704 (2005)). However, pleading in the alternative in this context is limited. "A plaintiff may plead as follows: (1) there is an express contract, and the defendant is liable for breach of it; and (2) if there is not an express contract, then the defendant is liable for unjustly enriching himself at my expense." *Cohen,* 735 F.3d 601, 615 (7th Cir. 2013). The Seventh Circuit has held that, "[w]hile [plaintiffs] need not use

particular words to plead in the alternative, they must use a formulation from which it can be reasonably inferred that this is what they were doing," such as the use of "either-or" or "if-then" language. *Holman v. Indiana*, 211 F.3d 399, 407 (7th Cir.2000). Womack has done so in this case. See (Doc. 13, ¶16). The Seventh Circuit has made clear that when two parties' relationship is governed by contract, a plaintiff may not recover under both a breach of contract theory and an unjust enrichment theory. See *Shaw v. Hyatt, Int'l Corp.*, 461 F.3d 899, 902 (7th Cir. 2006); *Utility Audit, Inc. v. Horace Mann Service Corp.*, 383 F.3d 683, 688-89 (7th Cir. 2004). Thus, if this Court determines that an enforceable contract exists between the parties in subsequent proceedings, then Womack's unjust enrichment claim may no longer stand. However, at the motion to dismiss stage, Womack has properly alleged the unjust enrichment claim as an alternative to her breach of contract claim. Therefore, plaintiff's allegations, as to Count III, are sufficient to withstand BMI's 12(b)(6) challenge.

## V. Conclusion

Accordingly, the Court **DENIES** defendant Brady McCasland, Inc.'s motion to dismiss (Doc. 21).

**IT IS SO ORDERED.**

Signed this 22nd day of March, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.03.22 15:27:27 -05'00'

United States District Judge